Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACH, INC., a Maryland Corporation; COACH SERVICES, INC., a Maryland Corporation,<br><br>Plaintiffs,<br>vs.<br><br>KB EYEWEAR INTERNATIONAL, INC., a California Corporation; AMY LAM, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. CV 11-01524 AHM (AGRx)<br><br>**CONSENT DECREE INCLUDING A PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL OF ACTION WITH PREJUDICE** |

WHEREAS Plaintiffs Coach, Inc. and Coach Services, Inc. ("Coach") and Defendants KB Eyewear International, Inc. and Amy Lam (collectively "Defendants") have entered into a Settlement Agreement and Mutual Release as to the claims in the above referenced matter. Defendants, having agreed to consent to the below terms, it is hereby **ORDERED, ADJUDGED, and DECREED** as among the parties hereto that:

1. This Court has jurisdiction over the parties to this Final Decree and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

2. Coach is the worldwide owner of the trademark "COACH" and various composite trademarks and assorted design components (collectively "Coach Marks").

Amongst the many Coach Marks, one of the most well-known and recognized marks is Coach's Signature "C" Mark (see below). Coach has used the Signature "C" Mark in association with the sale of goods since as early as 2001. The Signature "C" Mark was first registered at the U.S. Patent and Trademark Office on September 24, 2002. Registrations for the Signature "C" Mark include, but are not limited to, U.S. Reg. Nos. 2,832,589; 3,695,290; and 2,534,429



3. Plaintiffs have alleged that Defendants' importation, distribution, advertisement, offering for sale, and sale of products which infringe upon Coach's Signature "C" Mark ("Disputed Products") constitute trademark infringement, trademark dilution, and unfair competition under the Lanham Trademark Act and under the common law.

4. Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of this Final Decree are hereby permanently restrained and enjoined from infringing upon Coach's Signature "C" Mark either directly or contributorily in any manner, including:

(a) Manufacturing, importing, purchasing, producing, distributing, circulating, selling, offering for sale, importing, exporting, advertising, promoting, displaying, shipping or marketing the Disputed Products and/or any other goods bearing a mark or feature identical and/or confusingly similar to Coach's trademarks, service marks, trade names, logos and/or copyrighted works;

(b) Using the Coach Marks or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise comprising not the genuine products of Plaintiffs, or in any manner likely to cause others to believe

1  that Defendants' products are connected with Plaintiffs or Plaintiffs' genuine
2  merchandise;
3            (c)   Shipping, delivering, holding for sale, distributing, returning,
4  transferring or otherwise moving, storing or disposing of in any manner the Disputed
5  Products except as provided under the parties Settlement Agreement;
6            (d)   Committing any other acts calculated to cause purchasers to believe
7  that Defendants' products are Plaintiffs' genuine merchandise or associated with
8  Plaintiffs in any way;
9            (e)   Assisting, aiding or attempting to assist or aid any other person or
10 entity in performing any of the prohibited activities referred to in Paragraphs 5(a) to
11 5(e) above.
12       5.    Plaintiffs and Defendants shall bear their own costs and attorneys' fees
13 associated with this action.
14       6.    The execution of this Final Decree shall serve to bind and obligate the
15 parties hereto.
16       7.    Except to the extent relief is granted on Plaintiffs' Complaint through the
17 entry of this Final Decree, Plaintiffs' Complaint is dismissed with prejudice.
18       8.    The jurisdiction of this Court is retained for the purpose of making any
19 further orders necessary or proper for the construction or modification of this Final
20 Decree, the enforcement thereof and the punishment of any violations thereof.  Except
21 as otherwise provided herein, this action is fully resolved with prejudice.

**IT IS SO ORDERED.**

DATE:    September 18, 2012            By:  _____
                                            Hon. A. Howard Matz
                                            **United States District Judge**